**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN DAVID** | § | |
| **ORTIZ MONTAGUANO,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| **PAMELA BONDI,** *Attorney General*; | § | |
| **KRISTI NOEM,** *Secretary, U.S.* | § | |
| *Department of Homeland Security*; | § | |
| **TODD M. LYONS,** *Acting Director of* | § | **EP-26-CV-00112-DCG** |
| *Immigration and Customs Enforcement*; | § | |
| **U.S. IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT;** | § | |
| **MARY DE ANDA-YBARRA,** *Director, El* | § | |
| *Paso Field Office Immigration and Customs* | § | |
| *Enforcement*; **and** | § | |
| **WARDEN,** *Director of the El Paso Camp* | § | |
| *East Montana*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Petitioner Christian David Ortiz Montaguano has filed a "Notice of Voluntary Dismissal" purporting to voluntarily dismiss the above-captioned case "[p]ursuant to Federal Rules [sic] of Civil Procedure 41(a)(1)(A)(i)."[1]  Petitioner reports he "has been released from Respondents' custody thereby making the instant Petition for Writ of Habeas Corpus moot."[2]

---

[1] *See* Notice, ECF No. 6, at 1.

[2] *See id.*

Technically, Petitioner cannot voluntarily dismiss this case pursuant to Rule 41(a)(1)(A)(i) because Respondents have already answered his Petition.[3]  Despite that procedural irregularity, however, the Court agrees with Petitioner that his release moots his Petition,[4] and that it's therefore proper to dismiss this case without prejudice.[5]

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE**.

The Court thereby **CLOSES** the case.

**So ORDERED and SIGNED this 26th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[3] *See* Resp., ECF No. 4.

*See also, e.g.*, Order Dismissing Case Without Prejudice at 2, *Xinastle v. De Anda-Ybarra*, No. 3:26-cv-00079 (W.D. Tex. Mar. 23, 2026), ECF No. 6 (explaining why that is so).

[4] *See, e.g.*, *Berrezueta v. Decker*, No. 1:20-cv-10688, 2021 WL 601649, at *1 (S.D.N.Y. Jan. 11, 2021) ("Release from custody generally renders a habeas petition moot . . . .").

[5] *See, e.g.*, *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 388 (5th Cir. 2024) (emphasizing that "jurisdictional dismissals (such as those made on . . . mootness grounds)" should be "without prejudice").